```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13-2036 |
| **MICHELLE L. GAREY, as Parent and Guardian of CMG, a minor, and LISA A. GAREY, as Parent and Guardian of BAG and SNG,** | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER APPROVING SETTLEMENT

On January 17, 2013, Plaintiff New York Life Insurance Company ("New York Life") filed a Complaint in Interpleader against Defendants Michelle L. Garey ("Michelle Garey") as Parent and Guardian of CMG, and Lisa A. Garey ("Lisa Garey"), as Parent and Guardian of BAG and SNG (CMG, BAG, and SNG, collectively, the "Minors"). (Compl., ECF No. 1.) On February 28, 2013, the Court ordered the Clerk of Court to deposit $200,000, representing death benefits from a life insurance policy (the "Policy") owned by the Minors' deceased father, into an interest-bearing account. (Order Granting Mot. For Deposit and Investment, ECF No. 21.) On March 6, 2013, the Court

entered an order appointing Guardians Ad Litem to submit written report and recommendations about a proposed settlement (the "Settlement"). (Order Granting Mot. for Appointment of Guardians Ad Litem, ECF No. 23.) For the following reasons, the Settlement is APPROVED.

Robert Garey ("Robert Garey") was the Minors' biological father. When Robert Garey died in 2010, he was divorced from Michelle Garey and Lisa Garey. Stipulations in marital dissolution agreements executed in each divorce required Robert Garey to maintain minimum life insurance coverage of $100,000 per child, or $300,000. Robert Garey's Policy had a death benefit of $200,000.

Robert Garey was underinsured by $100,000. New York Life interpled to facilitate the payment of death benefits to the appropriate beneficiaries. Under the Settlement, Michelle Garey and Lisa Garey agree that each Minor will receive a one-third share (or $66,666.66), plus an equal share of accrued interest. New York Life asks the Court to review the Settlement and decide if it is in the best interest of each Minor.

Interpleader is an equitable proceeding that "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." United States v. High Tech.

Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007) (internal citation and quotation marks omitted). Interpleader actions proceed in two stages. In the first stage, "the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." Id. (internal citation and quotation marks omitted). "During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." Id. (internal citation and quotation marks omitted). When a court decides that interpleader is available, which typically occurs at the first stage, the court "may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead. . . ." Id. (internal citation and quotation marks omitted).

New York Life is organized and existing under the laws of the State of New York and has its principal place of business in the State of New York. (Compl. ¶ 1.) Michelle Garey and CMG are citizens of the State of Tennessee. (Id. ¶ 3.) Lisa Garey, SNG, and BAG are citizens of the State of Mississippi. (Id. ¶

3

5.) This dispute addresses a $200,000 death benefit. (Id. ¶ 8.) The parties are completely diverse and the amount in controversy exceeds $500. 28 U.S.C. 1335(a)(1). Jurisdiction is appropriate.

New York Life will be threatened with double or multiple liability if its obligations under the Policy are not resolved. "If it paid such proceeds to the wrong beneficiary, it could conceivably be compelled to pay the sum twice. By obtaining a court adjudication, it negates this risk." W. Life Ins. Co. v. Nanney, 290 F. Supp. 687, 688 (E.D. Tenn. 1968). No equitable concerns prevent the use of interpleader. New York Life has properly invoked interpleader.

At the second stage, the Court addresses the Settlement. On June 16, 2013, the Guardian Ad Litem for CMG filed a report under seal, in which he recommends that the proposed Settlement is reasonable and in CMG's best interest and that an irrevocable educational trust be created. (Report of CMG's Guardian Ad Litem 6, ECF No. 26.) On June 17, 2013, the Guardian Ad Litem for SNG filed a report under seal, in which he recommends that the Settlement is in SNG's best interest and that SNG's share be disbursed to the Chancery Court of DeSoto County, Mississippi. (Report of SNG's Guardian Ad Litem 5, ECF No. 27.) On June 20, 2013, the Guardian Ad Litem for BAG filed a report under seal, in which he recommends that the Settlement is in BAG's best

interest and that BAG's share be placed with the Chancery Court of DeSoto County, Mississippi. (Reprot of BAG's Guardian Ad Litem 5, ECF No. 28.)

After reviewing the entire record, the Court concludes that the Settlement is fair, reasonable, and in the best interest of the Minors. In deciding whether a settlement is in the best interest of a minor, courts consider "the amount of the fund in its totality, as well as the amount offered these children." Nanney, 290 F. Supp. at 689. The Minors, as the sole beneficiaries under the Policy, share one-third of the $200,000 death benefit, plus accrued interest. The Policy's death benefit cannot satisfy the Minors' separate rights to $100,000 under Robert Garey's marital dissolution agreements. To satisfy each Minor's "equitable interest in the designated policy" would require at least one minor receiving less than $100,000. See Holt v. Holt, 995 S.W.2d 68, 72 (Tenn. 1999). Dividing the death benefit into equal amounts maximizes the amount paid to each beneficiary and is in the best interest of the Minors. The Settlement is APPROVED.

The Court approves the proposal to appoint Michelle Garey as guardian of CMG and Lisa Garey as guardian of SNG and BAG. Michelle Garey is the biological parent of CMG. Lisa Garey is the biological parent of SNG and BAG. The report and recommendations and the record as a whole demonstrate that they

5

are fit and proper people.  The Court has met with each of the proposed guardians and is satisfied that they are aware of their responsibilities, willing to assume them, and capable of performing them.

Michelle Garey and Lisa Garey must be appointed guardians by courts of the jurisdictions in which they reside.  The Minors' funds will be disbursed when the Court receives documents showing that Michelle Garey and Lisa Garey have been appointed guardians.

New York Life will be discharged after all funds have been disbursed to the guardians.

So ordered this 27th day of June, 2013.

s/ Samuel H. Mays, Jr.\
SAMUEL H. MAYS, JR.\
UNITED STATES DISTRICT JUDGE